UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

LAURENCE GORDON,

                                                                                                      10 CV 5366 (KMW)

         Petitioner,

      -against-                                                                     ORDER

UNITED STATES OF AMERICA,

         Respondent.

------------------------------------------------------------x

WOOD, D.J.:

I. **Background**

On May 21, 2008, I sentenced Laurence Gordon ("Petitioner") to 120 months in custody, following his conviction for illegal receipt of materials containing pornography, pursuant to 18 U.S.C. § 2252A(a)(2)(B).[1]

---

[1] Pursuant to the Presentence Investigation Report ("PSR"), Petitioner's advisory Guidelines range was 168 months to 210 months, based upon an adjusted offense level of 35 and a Criminal History Category of I. (Appendix to Motion to Vacate Pursuant to 28 U.S.C. § 2255 ("App"), Ex. C at 9-10; App. Ex. D at 20.) The adjusted offense level resulted from the application of multiple sentencing enhancements contained in United States Sentencing Guidelines § 2G2.2. (PSR ¶¶ 36-48.)

     I reduced Petitioner's sentence to 120 months, based on several factors contained in 18 U.S.C. § 3553(a), including the unlikelihood of recidivism, Petitioner's acknowledgement of guilt, and his role in raising a strong family. (App. Ex. D at 20-21.) I noted that "[t]he history and characteristics of Mr. Gordon are those of a good family man," and I acknowledged that Petitioner did not pose a risk that he would hurt a child. (Id. at 20.)

     I did <u>not</u> reduce Petitioner's sentence based on factors related to the harshness of the Guidelines themselves. In fact, I explicitly noted that "I do not believe I have sufficient evidence for me to disregard the <u>expertise</u> of the Sentencing Commission in setting an offense level of 35 in this case." (Id. at 21)(emphasis added).) At sentencing, the Government took the then-prevalent position that the Guidelines were entitled to deference because they were the product of the Sentencing Commission's expertise: "[t]he Sentencing Commission is a <u>body of experts</u> whose statutory mission is to apply research, experience, and analysis to promulgate guidelines . . . ." (Mem. at 7 (citing Gov't Sentencing Letter, April 28, 2008, at 14-15) (emphasis added) (citations and quotations omitted).) The Government

On November 7, 2008 Petitioner appealed his sentence, raising three issues on appeal. First and principally, Petitioner's counsel ("appellate counsel" or "counsel") argued that I had erred in assuming that United States Sentencing Guideline § 2G2.2 (the "Guidelines") reflected the Sentencing Commission's empirical study and expertise regarding appropriate sentences for receipt of child pornography.  (See Appendix to Motion to Vacate Pursuant to 28 U.S.C. § 2255 ("App") Ex. E at 3-4.)  Appellate counsel contended that, because of this procedural error, I did not fully appreciate the scope of my discretion to vary from the adjusted Guidelines offense level.  (Id.)  Next, appellate counsel argued that, even if no procedural error occurred, the case should be remanded pursuant to United States v. Regalado, 518 F.3d 143 (2d Cir. 2008), in order to give me the opportunity to indicate whether I would have imposed a lower sentence had I understood that Section 2G2.2 did not represent the expertise of the Sentencing Commission. (App. Ex. E at 4-5.)  Finally, appellate counsel preserved an argument that had been made below with respect to the constitutionality of a particular statutory provision, 18 U.S.C. § 3509(m).  (Id. at 5.)

On May 12, 2009, the Second Circuit denied Petitioner's appeal in a one-page Summary Order.  (App. Ex. G.)  The Court found that appellate counsel's first argument—that the applicable Guidelines were formulated without the benefit of the Sentencing Commission's expertise—was waived, and thus subject to plain error review, because trial counsel had failed to present that same argument to me in the district court.  (Id. at 2 ("Gordon did not argue [in the district court], as he does on appeal, that § 2G2.2 was formulated without the benefit of the Commission's expertise.").)  The Court held that there "was no plain error" in my conclusion

---

stated that a departure from the Guidelines would "ignore the fact that the Guidelines are the product of careful study based on extensive empirical data . . . ." (Id. at 7-8 (emphasis added) (citations and quotations omitted).)

2

that I lacked sufficient evidence to disregard the expertise of the Sentencing Commission. (Id.) The Court concluded by noting that it had "reviewed appellant's remaining arguments" and had found "them to be without merit." (Id.) A petition for rehearing was denied on November 2, 2009. (App. Ex. H at 7.)

On July 14, 2010, counsel moved to vacate the sentence, pursuant to 28 U.S.C. § 2255. Counsel argues (1) that trial counsel was "ineffective in failing to argue that this Court did not owe deference to § 2G.2.2 because it was formulated without the benefit of the Sentencing Commission's expertise," and (2) that I made a mistake of fact that constituted "a fundamental defect resulting in a miscarriage of justice," when I assumed that the applicable Guidelines were the product of the Sentencing Commission's "expertise using an empirical approach." (Memorandum of Law in Support of Motion to Vacate Pursuant to 28 U.S.C. § 2255 ("Mem.") at 13, 28.)

The government opposed Petitioner's Section 2255 motion, arguing (1) that trial counsel's failure to argue that I did not owe deference to the Sentencing Commission does not constitute inadequate representation of counsel, because it was "objectively reasonable" for trial counsel to fail to raise "what would have been an issue of first impression in this Circuit;"[2] (2) that Petitioner has not established that he was prejudiced by trial counsel's failure, given that my below-Guidelines sentence showed that I understood that I could deviate from the Guidelines; and (3) that the Second Circuit considered, and rejected, Petitioner's argument that, even if Petitioner's representation at sentencing was adequate, I committed an error of fact in assuming

---

[2] The government points out, inter alia, that in May 2008, the Second Circuit was years away from issuing its opinion in United States v. Dorvee, 604 F.3d 84 (2d Cir. 2010). See infra Section II.B. The government further notes that there was no other case in this Circuit supporting Petitioner's claim that Section 2G2.2 was not empirically based or the product of the Commission's expertise. (Opp. at 25-26.)

that the Guidelines were the product of the Commission's empirical study and expertise. (Memorandum of Law in Opposition to Motion Pursuant to 28 U.S.C. § 2255 ("Opp.") at 18, 32, 37.)

## II. Analysis

I grant Petitioner's motion to vacate his sentence, based on my own error in assuming that more Sentencing Commission expertise underlay Section 2G2.2 than was the fact. That error resulted in my failure to credit a broad policy-based challenge to the child pornography Guidelines.

### A. Governing Standard

Section 2555 allows a collateral attack on a final judgment if an error of fact occurred, and if that error "constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); see also 18 U.S.C. § 2255.

Due process requires that a defendant "not be sentenced based on materially false information." Darden v. Bureau of Prisons, 707 F. Supp. 2d 363, 367 (E.D.N.Y. 2010) (quoting Torres v. United States, 140 F.3d 392, 404 (2d Cir. 1998)). "[M]aterial false assumptions as to any facts relevant to sentencing render the entire sentencing procedure invalid as a violation of due process." United States v. Malcolm, 432 F.2d 809, 816 (2d Cir. 1970) (citations omitted). Although "[n]ot every defect in the sentencing process . . . is of constitutional dimension," id., sentences have indeed been vacated on the grounds that the defendant was sentenced upon a mistaken finding of fact. (See Mem. at 30-31 (listing examples of such decisions).)

### B. Analysis

4

Until 2009 - 2010, there was little examination of the extent to which the child pornography guidelines were a product of the Sentencing Commission's empirical study and expertise. In October 2009, the Commission issued a fifty-four page report entitled, "The History of the Child Pornography Guidelines. See United States Sentencing Commission, The History of the Child Pornography Guidelines, (Oct. 2009), available at http://www.ussc.gov/Research/Research_Projects/Sex_Offenses/20091030_History_Child_Pornography_Guidelines.pdf (last visited June 22, 2011) [hereinafter the "U.S.S.C. Report"]. The U.S.S.C. Report highlighted the fact that increases in the Guidelines for child pornography from 1987 to 2009 were driven less by the Sentencing Commission's empirical study and expertise than by Congressional directives that lacked empirical justification.

In 2010 (after I sentenced Petitioner and after Petitioner's direct appeal was final), the Second Circuit, in United States v. Dorvee, relied upon the U.S.S.C. Report in concluding that the child pornography Guidelines were "fundamentally different" from most of the other Guidelines, because they were developed not on "an empirical approach based on data about past sentenc[es]," but rather, were "Congressionally directed." 604 F.3d 84, 95 (2d Cir. 2010). The Court, in fact, noted that the Sentencing Commission has often "openly opposed . . . Congressionally directed changes." Id. As an example, the Court described how the Commission had actually "criticized the two-level computer enhancement . . . on the ground that it fails to distinguish serious commercial distributors of online pornography from more run-of-the-mill users." Id. The Court noted that:

> The § 2G2.2 sentencing enhancements cobbled together through this process routinely result in Guidelines projections near or exceeding the statutory maximum, even in run-of-the-mill cases. The base offense level for distribution of child pornography, which in 1991 was 13, has been gradually increased to 22 as the Commission has attempted to square the Guidelines with Congress's various directives.

5

Id. at 96 (emphasis added).  The Court further noted that "the Guidelines result[] in virtually no distinction between the sentences for [an ordinary first-time offender] and the sentences for the most dangerous offenders."  Id.

The Court concluded by "encourag[ing] [district judges] to take seriously the broad discretion they possess in fashioning sentences under 2G2.2 [,]. . . bearing in mind that they are dealing with an eccentric Guideline of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results."  Id. at 98.

As is now evident from the U.S.S.C. Report, and the Second Circuit's subsequent decision in Dorvee, the information upon which I relied in sentencing Petitioner was inaccurate. Petitioner was thereby deprived of his due process rights.   My incorrect assumption at sentencing—that Section 2G2.2 was the product of the Sentencing Commission's empirical expertise—was thus a fundamental defect resulting in a miscarriage of justice.[3]

The government argues that Petitioner is barred from relitigating his claim of procedural error because that claim has already been raised and considered on appeal.  (Opp. at 37-39.)

"The mandate rule is a branch of the law-of-the-case doctrine . . . [which] holds that[,]

---

[3] In the months following Dorvee, the Second Circuit had the opportunity to apply Dorvee to the appeal of a sentence imposed under Section 2G2.2.  See United States v. Tutty, 612 F.3d 128 (2d Cir. 2010).  In Tutty, the Defendant appealed his 168-month sentence, arguing that the sentence was substantively unreasonable because, after the Second Circuit's decision in Dorvee, a sentencing judge must presume that the child pornography guidelines are "unduly harsh."  Id. at 130.  The Second Circuit did not reach the issue of substantive unreasonableness, because it held that "[t]he district court committed procedural error when it concluded that it could not consider a broad, policy-based challenge to the child pornography Guidelines."  Id. at 131.

Although neither defense counsel at sentencing, nor appellate counsel on appeal, had raised the issue of procedural error, the Second Circuit addressed the error sua sponte, finding that the sentencing judge's error "was plain," in that it "affected Tutty's substantial rights . . . [and] seriously affected the fairness, integrity, or public reputation of judicial proceedings."  Id. (citations and internal alterations omitted).

where issues have been explicitly or implicitly <u>decided</u> on appeal, the district court is obliged, on remand, to follow the decision of the appellate court." Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006) (emphasis added) (citations omitted); see also United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) ("It is well established that a § 2255 petition cannot be used to relitigate questions which were <u>raised and considered</u> on direct appeal.") (emphasis added) (quotations and citations omitted). "Of course, there is a corollary to this rule—if an issue was <u>not</u> part of the appellate decision, a trial court may consider the matter." Burrell, 467 F.3d at 165 (emphasis added) (quotations and citations omitted).

The issue here—whether there was procedural error at sentencing because I mistakenly assumed that the child pornography Guidelines were based on empirical study and expertise—was not <u>considered or decided</u>, either explicitly or implicitly, on Petitioner's direct appeal. Rather, the Second Circuit rejected Petitioner's claim of procedural error on the ground that it had not been preserved below:

> According to Gordon, §2G2.2 is not based on the Commission's study and contradicts the Commission's recommendations and reports. . . . We conclude that Gordon <u>waived</u> this argument by failing to present it to the district court. . . . Gordon did not argue, as he does on appeal, that §2G2.2 was formulated without the benefit of the Commission's expertise. Consequently, the record indicates no plain error in the sentencing judge's conclusion that she lacked "sufficient evidence . . . to disregard the expertise of the sentencing commission" in setting an initial benchmark for Gordon's sentence.

(App. Ex. G at 2 (emphasis added) (citations omitted).)

Having found Petitioner's claim of procedural error to be foreclosed by trial counsel's waiver, the Second Circuit did <u>not</u> consider or decide whether I had erred in assuming that Section 2G.2.2 was based on the expertise of the Commission, and erred in believing that I could not depart from those Guidelines. Nor did the Court resolve this issue by implication. The Court's conclusion that I did not commit plain error was based on the fact that no such argument

was presented to me, and, that at the time of sentencing, there was no legal authority in this Circuit that addressed the possibility of a sentencing court departing from the child pornography Guidelines.  The Second Circuit did not address the latter issue until approximately one year later, with its decision in Dorvee.[4]

In arguing that Petitioner is barred from relitigating his procedural error claim, the Government cites the part of the Summary Order where the Court states: "We have reviewed appellant's remaining arguments and find them to be without merit."  (Opp. at 38 (citing App. Ex. G at 2) (emphasis added).)  However, just sentences before that statement, the Court had rejected Petitioner's claim of procedural error on procedural grounds.  The Court did not go on to then also reject that same argument separately on the merits.  Rather, in referencing Petitioner's "remaining" arguments, the Second Circuit was clearly referring to arguments other than the one that the Court had just deemed not preserved—namely, the other two arguments Petitioner made on direct appeal.  See supra, Section I.

Finally, even if the Second Circuit had implicitly decided that I had not erred—which it did not do— I still would have the authority to reach the decision that I have reached, based on the fact that the U.S.S.C. Report, and the findings in Dorvee, were not available to me at the time that I sentenced Petitioner.  See United States v. Becker, 502 F.3d 122, 127 (2d Cir. 2007) (stating that "application of the [law of the case] doctrine remains a matter of discretion, not

---

[4] In further support of its argument that the Second Circuit did not decide Petitioner's procedural error claim on the merits in its Summary Order, Petitioner's counsel cites to the appellate record in United States v. Dorvee.  (See Reply Memorandum of Law in Support of Motion to Vacate Pursuant to 28 U.S.C. § 2255, at 14 n.1.)  Counsel states that it has reviewed the filings on appeal in Dorvee, and that the government did not cite this Summary Order in any of its briefs.  (Id.)  Petitioner's counsel suggests that "the government in Dorvee certainly would have cited to this Summary Order in support of its claim, if the government truly believed that it represented a decision by the Second Circuit on the merits."  (Id.)  I agree.

jurisdiction," and that a court "may find it appropriate to reconsider an earlier decision when we are confronted with an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice") (citations omitted).[5]

## III. Conclusion

Whether or not I ultimately depart further from the child pornography Guidelines, essential tenants of due process require that I sentence Petitioner on the basis of accurate information, and with an appreciation for the fact that I have greater discretion to depart from the child pornography Guidelines than I believed I had at the time Petitioner was sentenced.[6] Accordingly, I grant Petitioner's motion to vacate his sentence.

Counsel are directed to confer concerning a date for re-sentencing, and dates for any pre-sentence submissions, and then to advise my deputy of those dates, by Monday, July 18, 2011.

SO ORDERED.

DATED: New York, N.Y.
June 20, 2011

KIMBA M. WOOD
Unite States District Judge

---

[5] Although the Second Circuit in <u>Becker</u> was discussing its own authority to revisit its own decisions, its description of the law of the case doctrine is applicable here.

[6] Because I vacate Petitioner's sentence based on my own error in assuming that more Sentencing Commission expertise underlay Section 2G2.2, I need not address Petitioner's ineffective assistance of counsel argument.

9